UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDITH SUGGS,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,<br><br>Defendant. | CIVIL ACTION 3:15-cv-00779<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF**

NOW COMES the Plaintiff, JUDITH SUGGS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and The Law Offices of Mueller and Haller L.L.C. ("Mueller"), complaining of the Defendant, Portfolio Recovery Associates, L.L.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff seeks redress from unlawful credit and collection practices engaged in by Defendant. Plaintiff alleges violations of the of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C. §227 and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff, Judith Suggs, is a natural person residing at 1319 Eisenhower Street, Mascoutah, Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

5. At all times relevant to the action, Defendant was a corporation incorporated under the laws of the State of Delaware with its principal place of business located in Norfolk, Virginia.

6. Defendant is in the business of collecting debts in the state of Illinois.

7. Defendant is a "debt collector" as defined by §1692 a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

8. In January of 2006, Plaintiff applied for and was issued a credit card from HSBC Bank Nevada, N.A. ("HSBC").

9. Plaintiff made consumer purchases with the HSBC card and had every intention of paying off the balance over time.

10. Unfortunately, due to an unexpected change in financial circumstances, Plaintiff defaulted on her payments on her HSBC account ("subject debt").

11. On information and belief, Plaintiff received Notice from HSBC the account was transferred to Capital One Bank, effective October 31, 2012.

12. On October 31, 2012 Plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court for the Southern District of Illinois, Case Number 12-32041, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

13. Based upon Plaintiff's belief that the subject debt was transferred to Capital One, Capital One was listed as a creditor on Schedule F of Plaintiff's Bankruptcy petition. *See* Exhibit B, a true and correct copy of Schedule F that was filed in Plaintiff's Bankruptcy.

14. On January 14, 2013, Plaintiff amended her Schedule F to include HSBC Bank Nevada, N.A. *See* Exhibit C, a true and correct copy of the Amended Schedule F filed in Plaintiff's Bankruptcy.

15. On February 21, 2013, Plaintiff's Chapter 13 Plan was confirmed by the Honorable Laura K. Grady. *See* attached Exhibit D, a true and correct copy of the Order Confirming Plaintiff's Chapter 13 Plan.

16. Notice of the Order Confirming Plaintiff's Chapter 13 Plan was sent to Capital One and HSBC. *See* Exhibit E, a true and correct copy of the notice of the Order Confirming Plaintiff's Chapter 13 Plan.

17. On March 12, 2013, Capital One filed a proof of claim in the Bankruptcy proceeding in the amount of $598.63. *See* attached Exhibit F, a true and correct copy of the proof of claim.

18. The proof of claim referenced the transfer to HSBC. *Id.*

19. The proof of claim listed Defendant's contact information at the end of the document. *Id.*

20. On April 16, 2013, a transfer of claim ("claim transfer") was filed in Plaintiff's bankruptcy case listing Capital One as the transferor and Defendant as the transferee. *See* Exhibit G, a true and correct copy of the transfer of claim other than for security.

21. The claim transfer listed the claim amount of $598.63 in reference to the HSBC account listed in Plaintiff's bankruptcy filing. *Id.*

22. Attached to the claim transfer is a bill of sale commemorating the sale of the subject debt to Defendant. *Id.*

### CALLS TO PLAINTIFF'S CELL PHONE

23. Plaintiff received over 15 calls in July, August and September of 2014 on her cell phone ((618) 420-1972) from a representative of Defendant seeking to collect upon the subject debt.

24. Upon information and belief, Defendant used an automatic telephone dialing system to make the calls to Plaintiff's cell phone.

25. Defendant called from the numbers (757) 212-5018, (757) 251-0504, (731) 577-4212, (757) 251-0505, (620) 860-1573, (731) 512-5018, blocked phone numbers, and other numbers.

26. Plaintiff spoke with Defendant on multiple occasions and reminded them she was in bankruptcy, that they should call her attorney, and that they may not call her on her cell phone again. Plaintiff explained this to Defendant each and every time she answered her phone.

27. After receiving the third call from Defendant on July 22, 2014, Plaintiff notified her counsel of the abusive calls.

28. Plaintiff's counsel contacted Defendant on July 22, 2014 and informed Defendant of Plaintiff's bankruptcy filing and demanded the communications cease.

29. Plaintiff then received calls from the Defendant on the following dates:

    a. July 22, 2014 at 9:15 a.m.;

    b. July 24, 2014 at 3:09 p.m.;

    c. August 7, 2014 at 12:25 p.m.;

    d. August 11, 2014 at 12:21 p.m.;

    e. August 12, 2014 at 9:22 a.m.;

    f. August 15, 2014 at 11:16 a.m.; and

    g. August 21, 2014 at 5:08 p.m.

30. Plaintiff received eight additional calls in July, August and September 2014.

31. When Plaintiff did not answer the calls, she received pre-recorded messages that stated, that PRA was calling regarding an outstanding balance.

32. All of Defendant's collection efforts occurred with actual knowledge of the Plaintiff's bankruptcy filing and within one year of the date of this complaint.

33. Furthermore, Defendant contacted Plaintiff with actual knowledge that Plaintiff was represented by counsel.

34. Due to Defendant's relentless collection calls, Plaintiff sought the assistance of counsel to ensure that Defendant's abusive and unfair collection efforts ceased.

35. Plaintiff has expended numerous hours and incurred costs to consult with her attorneys on multiple occasions as a result of Defendant's unfair and deceptive collection actions.

36. Plaintiff has incurred increased fees associated with the use of her cell phone service by virtue of using numerous minutes, as she does not have unlimited minutes on her cell plan.

37. Plaintiff has incurred costs to receive phone records from her cell phone provider.

38. Plaintiff was unduly inconvenienced and mercilessly harassed by Defendant's unlawful repeated phone calls.

39. Plaintiff suffered emotional distress as a direct consequence of Defendant's unlawful collection practices.

40. Plaintiff has no prior or present established relationship with Defendant.

41. Plaintiff continually revoked consent to call every time Plaintiff answered the phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. 11 U.S.C. § 362(a)(6) commonly known as the automatic stay provision, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

44. Defendant violated 15 U.S.C. §§1692 c(a)(2), e(2), e(5), e(10), and f(1) through its debt collection efforts on the subject debt.

45. Defendant violated §1692 c(a)(2), by directly contacting Plaintiff when it knew that Plaintiff was represented by counsel as the identity and contact information of Plaintiff's bankruptcy counsel was expressly stated in the transfer of claim other than for security filed by Capital One which listed Defendant as the Transferee of the subject debt. *See* Exhibit G.

46. Defendant violated §1692e(2) by falsely representing that the subject debt was owed at the time the calls were made when it was not by virtue of the automatic stay.

47. Defendant violated §1692e(5) by calling Plaintiff as it had no legal right to attempt to collect the subject debt by virtue of the automatic stay.

48. Defendant violated §1692e(10) by engaging in deceptive conduct as the subject debt was not collectable at the time the calls were made to Plaintiff by virtue of the automatic stay.

49. Defendant violated §1692f(1) by attempting to collect a debt that is not permitted by law as the Plaintiff was protected by the automatic stay, precluding any collections efforts on the subject debt.

50. Defendant attempted to coerce and induce Plaintiff into paying a debt that was not legally collectable.

51. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was included in a pending bankruptcy.

52. Defendant knew or should have known that Plaintiff's pre-petition debt was uncollectable as a matter of law.

53. Upon information and belief, Defendant has no system in place to identify and cease collection of not collectible by virtue of bankruptcy filings.

WHEREFORE, Plaintiff, JUDITH SUGGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k;  and

    d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -- VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

54. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

55. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system. 47 U.S.C. §227(b)(1)(iii).

56. Defendant violated the TCPA by placing at least 15 phones calls to Plaintiff's cell phone, for which she is charged for the call, using an automatic dialing system ("ATDS"), in an attempt to collect the subject debt.

57. Upon information and belief, Defendant used a predictive dialing system to place calls to Plaintiff.

58. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

59. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an ATDS.

60. Upon information and belief, it is part Defendant's routine debt collection business practice to place calls to persons' cell phones using an ATDS, without express or oral consent.

61. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is entitled under 47 U.S.C. §227(b)(3)(C).

62. As pled in paragraphs above, Plaintiff was harmed by Defendant's repeated collection calls.

63. As a result of the above violations of the TCPA, and in consideration of the willful and malicious disregard of the TCPA, Plaintiff is entitled to an award of statutory and treble damages pursuant to 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, JUDITH SUGGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Awarding Plaintiff treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July ____, 2015

Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach - 6284659
Attorney for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188

James J. Haller -.6226796
William A. Mueller - #06187732
Attorneys for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000